JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YASMINE A. AKL

**DEFENDANTS**
DELAWARE COUNTY COURT OF COMMON PLEAS;
THE HONORABLE ATINUKE B. MOSS;
MASTER GREGORY HURCHALLA

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Douglas P. Earl, Esquire
Law Office of Douglas Earl, LLC
1015 Chestnut Street, Suite 902, Philadelphia, PA 19107
(215) 627-5970

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Denial of due process, access to courts, and familial association through misuse of state custody proceedings.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ To be determined

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/8/26
SIGNATURE OF ATTORNEY OF RECORD: *Douglas P. Earl*

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: 201 West Front Street, Media, PA 19063

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. *Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. (*Please specify*):_____

**B. *Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (*Please specify*):_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: (*Please specify*)_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| YASMINE A. AKL,<br>        Plaintiff,<br><br>v.<br><br>DELAWARE COUNTY COURT OF<br>COMMON PLEAS;<br><br>and<br><br>THE HONORABLE ATINUKE B.<br>MOSS, Judge, Delaware County<br>Court of Common Pleas, individually<br><br>and<br><br>MASTER GREGORY<br>HURCHALLA, Delaware County<br>Family Court Custody Master,<br>individually,<br>        Defendants. | Civil Action No.<br>Bench Trial Requested |

## **COMPLAINT (Civil Rights - 42 U.S.C. § 1983)**

Plaintiff Yasmine A. Akl, by and through her undersigned counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleges as follows:

**I.    INTRODUCTION**

      This civil rights action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and alleges as follows:

      This civil rights action arises from an extraordinary and prolonged misuse of a Delaware County, Pennsylvania Court of Common Pleas child-custody case

1

as an investigative and coercive tool against Plaintiff Yasmine A. Akl, a non party grandmother, in a matter that lacked valid service and jurisdiction.

Acting under color of state law, Defendants Delaware County (through its Court of Common Pleas), Judge Atinuke B. Moss, and Custody Master Gregory Hurchalla converted a custody proceeding into a vehicle for investigation, intimidation, and punishment of Plaintiff—despite Plaintiff not being a custody litigant.

Critically, Judge Atinuke B. Moss expressly denied Plaintiff Yasmine A. Akl any hearing on her Motion to Intervene concerning her two grandchildren unless and until the children were physically living with Seth Gershenson—the very condition Plaintiff sought to challenge.

By conditioning access to a hearing on a future custodial outcome, Judge Moss entered an unorthodox and unconstitutional scheduling order that functioned as a complete denial of access to the courts.

As a direct result of this condition, Plaintiff's Motion to Intervene has remained unheard for more than one year in this Delaware County, Pennsylvania Court of Common Pleas child custody case. Plaintiff is the maternal grandmother, despite being fully briefed and despite Plaintiff's ongoing deprivation of familial association.

This refusal to schedule a hearing—based solely on the judge's unilateral requirement that custody first change hands—constitutes a constructive denial of due process, violates the First and Fourteenth Amendments, and has insulated unlawful custody and investigative orders from judicial review.

The misuse of court ordered discovery as an investigative and coercive tool against Plaintiff Yasmine A. Akl, a non party grandmother, in a matter that lacked valid service and jurisdiction. Yasmine Akl has also been denied the right to have her Motion to Intervene in the Delaware County Court of Common Please Custody case.

As a direct and foreseeable result of Defendants' actions, Plaintiff suffered severe and ongoing constitutional injuries, including but not limited to: invasion

of her home and privacy; repeated law enforcement visits to her residence and workplace; reputational harm; emotional distress and anxiety; disruption of her professional life; loss of Global Entry and Trusted Traveler privileges; flagging by U.S. Customs and Border Protection; denial of familial association with her grandchildren; and denial of access to courts to protect those interests.

Plaintiff brings this action to vindicate her own rights under the First and Fourteenth Amendments, not merely the derivative interests of the children or their mother, and to obtain declaratory and injunctive relief halting ongoing constitutional violations arising from Delaware County's custody practices.

Plaintiff hereby waives the right to a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and respectfully requests that this matter be heard and decided by the Court in a bench trial.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under 42 U.S.C. § 1983 and the United States Constitution.

Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Delaware County, Pennsylvania.

## III. PARTIES

Plaintiff Yasmine A. Akl is an adult resident of Delaware County, Pennsylvania, residing at 4 Eavenson Way, Garnet Valley, PA 19060, and is the maternal grandmother of the minor children whose custody proceedings are at issue.

Defendant Delaware County, Pennsylvania Court of Common Pleas is located at Delaware County Courthouse, 201 West Front Street, Media, PA 19063, and is responsible for the operation, policies, customs, and practices of its court.

Defendant Judge Atinuke B. Moss is a Judge of the Delaware County Court of Common Pleas, located at Delaware County Courthouse, 201 West Front Street, Media, PA 19063, and is sued in her individual capacity for non-judicial and investigative acts and for actions taken in the clear absence of jurisdiction.

Defendant Master Gregory Hurchalla is a Custody Master of the Delaware County Family Court, located at Delaware County Courthouse, 201 West Front Street, Media, PA 19063, and is sued in his individual capacity for actions taken outside any adjudicative function and in the complete absence of jurisdiction.

Plaintiff hereby waives the right to a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and respectfully requests that this matter be heard and decided by the Court in a bench trial.

## IV.   FACTUAL ALLEGATIONS (SUMMARY)

1. On July 26, 2023, in Seth Gershenson v. Laura Kraya, Delaware County, Pennsylvania Common Pleas Custody Docket No. 2023 001250, Judge Moss entered an order authorizing "alternative service" of the custody complaint at 4 Eavenson Way, Garnet Valley, Pennsylvania without following the Pennsylvania Rules of Civil Procedure.

2. That address was, at all relevant times, the private residence of Plaintiff Yasmine Akl. It was never the residence of Laura Kraya.

3. The July 26, 2023 order was entered without an affidavit of due diligence, evidentiary support, or compliance with Pa.R.C.P. 430. The granting of alternative service has nothing to do with the Pennsylvania Rules of Civil Procedure.

4. On August 11, 2023, Custody Master Hurchalla acknowledged on the record that there had been no service on the mother, yet nevertheless entered a temporary custody order "to get people's attention," despite lacking jurisdiction and without any evidentiary hearing or custody factor analysis.

5. Delaware County actors initiated and facilitated repeated law enforcement actions directed at Plaintiff, including sheriff visits, Pennsylvania State Police inquiries, and multiple FBI visits to Plaintiff's home and workplace.

4

6. On October 25, 2023, Delaware County, Pennsylvania Common Pleas Judge Atinuke B. Moss signed an ex parte emergency order—drafted by private counsel—granting sole custody and directing "any and all state and/or local law enforcement agencies" to enforce immediate transfer, without a hearing, witnesses, evidence, or findings under 23 Pa.C.S. § 5328.

7. Judge Moss later admitted on the record that she did not apply the Pennsylvania Rules of Civil Procedure governing service and acted instead on perceived "equitable" considerations, confirming that jurisdictional prerequisites were knowingly disregarded.

8. Throughout the proceedings subpoenas, depositions, and investigative discovery against Plaintiff—a non party—was permitted by Judge Atinuke B. Moss while Plaintiff's Motion to Intervene under 23 Pa.C.S. § 5324 was left without a hearing. Plaintiff is the maternal grandmother in the Delaware County Common Pleas child custody case and has a right to be heard on her Motion to Intervene.

9. The cumulative effect of Defendants' actions was to weaponize judicial process against Plaintiff while denying her any meaningful access to the courts to defend herself or protect her familial relationship.

10. Judge Atinuke B. Moss explicitly ordered that Plaintiff Yasmine A. Akl would not be granted a hearing on her Motion to Intervene unless and until her grandchildren were living with Seth Gershenson.

11. This directive was not based on any statute, rule of civil procedure, or custody rule, and had the practical effect of indefinitely barring Plaintiff from being heard. The only discernible reason for the unorthodox scheduling order on Plaintiff's Motion to Intervene in the child custody case of no hearing without the children living with Seth Gershenson is this condition was consistent to a previously proposed order submitted by Mr. Gershenson's counsel.

12. By conditioning a hearing on a speculative future custody status—controlled entirely by prior void orders—Judge Moss imposed an unorthodox condition that ensured no hearing would occur. This was to the satisfaction of Seth Gershenson.

5

13. As of the filing of this Complaint, Plaintiff has been denied a hearing on her Motion to Intervene for over one year, despite the mandatory disposition timelines set forth in Pa.R.C.P. 1915.4 and despite the ongoing use of the custody docket to justify enforcement, discovery, and law-enforcement actions against her.

14. This refusal to schedule a hearing was not mere delay, but a deliberate deprivation of access to the courts, rendering Plaintiff defenseless against orders entered without jurisdiction and compounding the constitutional injuries alleged herein.

## V.  CLAIMS FOR RELIEF

<u>COUNT I</u>
<u>YASMINE AKL VS. DELAWARE COUNTY, PENNSYLVANIA COURT OF COMMON PLEAS</u>
<u>(Procedural Due Process (Fourteenth Amendment – 42 U.S.C. § 1983)</u>

15. Plaintiff incorporates by reference Paragraphs 1 through 14 as if fully set forth herein.

16. Delaware County, Pennsylvania Court of Common Pleas through the policies, customs, and practices of its Court of Common Pleas, deprived Plaintiff of procedural due process by authorizing and enforcing custody orders without the requirement that the Pennsylvania Rules of Civil Procedure pertaining to service or jurisdiction be complied with; permitting investigative use of custody proceedings against non parties; and tolerating prolonged refusal to hear Plaintiff's Motion to Intervene as a Grandmother in a child custody case. There is a lack of training of Judges regarding the service of original process.

17. It was well-established that the mother was outside of the United States. Nevertheless Delaware County, Pennsylvania Court of Common Pleas and its judicial officers continued issuing custody and enforcement orders without jurisdiction or due process. These orders were used to escalate the matter to state, federal, and international law enforcement, including FBI involvement and Hague and Interpol alerts.

18. Delaware County, Pennsylvania Court of Common Pleas tolerated and enabled service practices that violated jurisdictional requirements and due process. The County allowed custody papers to be posted at Plaintiff's residence—an address falsely alleged by Seth Gershenson as the mother's home.

19. Delaware County, Pennsylvania accepted criminal charges filed by Seth Gershenson after it was well established that the mother was outside the United States and unavailable for service.

20. Law Enforcement then sent the criminal summons to Gershenson's own address, allowing him to accept service on the mother's behalf. This occurred even though the County had previously directed custody papers to be posted at Plaintiff's home under an alternate service order authorized by Judge Moss. This created a false appearance of proper service and enabled Delaware County to proceed with a criminal hearing aimed at securing a conviction without jurisdiction or due process.

21. At a Delaware County, Pennsylvania Court of Common Pleas hearing, Fred Akl—the ex-husband of Plaintiff, and estranged from both the Plaintiff and the mother—appeared to support its narrative. These actions were intended as a stepping stone to escalate enforcement and target Plaintiff through law-enforcement scrutiny, reputational harm, and coercive investigative measures.

22. Delaware County, Pennsylvania Common Pleas Court directed law enforcement actions against the Plaintiff. Plaintiff endured repeated visits to her home and workplace, neighborhood inquiries, and reputational harm—all stemming from orders entered without service or jurisdiction.

23. Plaintiff filed a Motion to Intervene pursuant to 23 Pa.C.S. § 5324. Judge Moss affirmatively refused to schedule a hearing on that motion, stating that Plaintiff would only be entitled to a hearing if and when the minor children were living with Seth Gershenson.

24. This conditional scheduling order operated as a complete denial of due process. The motion has now remained unheard for more than one year, far exceeding the 180-day disposition requirement of Pa.R.C.P. 1915.4. Plaintiff filed a Motion to Intervene under 23 Pa.C.S. § 5324, and for more than one year—well

beyond the 180-day disposition requirement of Pa.R.C.P. 1915.4—the motion has not been scheduled or heard.

25. This prolonged inaction deprived Plaintiff of any opportunity to protect her custodial interests and reinforced the systemic denial of access to courts.

26. Supervisory Judge Barry Dozor issued an order denying discovery and depositions against Plaintiff and her family members as impermissible in custody proceedings.

27. Judge Dozor's order remained on the docket for months. It was then removed without any notice, motion, or explanation and replaced with an order favorable to the Plaintiff by Judge Moss.

28. After Attorney Kathleen O'Connor filed a "Motion to Correct the Docket," the record was altered to show discovery being granted without hearing or findings—undermining the judicial record and erasing supervisory authority.

29. Delaware County has scheduled hearings in this matter primarily for the purpose of sanctioning Plaintiff and compelling and coercing Plaintiff to comply with discovery and deposition requests on behalf of Seth Gershenson, who has never provided testimony before Judge Moss.

30. These hearings have been prioritized over all other substantive issues, including Plaintiff's Motion to Intervene and emergency custody orders that have remained in effect for more than two years without review or hearing.

31. These customs and failures were the moving force behind Plaintiff's constitutional injuries, in violation of the Fourteenth Amendment and Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

WHEREFORE, Plaintiff Yasmine Akl requests that this Court enter judgment in her favor and against Defendant Delaware County, Pennsylvania Court of Common Pleas as well as declaring the child custody orders under docket number 2023-001250 void ab initio, enjoin Defendants from using custody proceedings for investigative or enforcement purposes against non parties, schedule a Hearing on Plaintiff's Motion to Intervene in the Child Custody case

8

forthwith, award compensatory damages, punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

COUNT II
YASMINE AKL VS. ATINUKE B. MOSS
Substantive Due Process / Familial Association (Fourteenth Amendment – 42 U.S.C. § 1983)

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33. Acting outside any legitimate adjudicative role and in the complete absence of jurisdiction, Judge Moss interfered with Plaintiff's fundamental liberty interest in familial association with her grandchildren by converting a custody matter into an investigative proceeding, authorizing law enforcement escalation, and blocking Plaintiff's access to court.

34. Judge Moss's February 28, 2025 order expressly acknowledged that the custody court lacked jurisdiction, stating that Plaintiff's Motion to Intervene "remains pending until Defendant and the minor children, who have been out of the country since the filing of the Complaint in Custody, return to the jurisdiction of the Court."

35. Judge Moss's express refusal to hear Plaintiff's Motion to Intervene unless custody first changed hands constituted an arbitrary and conscience-shocking interference with Plaintiff's fundamental right to familial association, effectively extinguishing that right through procedural obstruction rather than adjudication.

36. Judge Moss's admission confirms that all prior orders were entered without jurisdiction and without authority to adjudicate custody.

37. Despite this admission, enforcement actions and investigative measures against Plaintiff continue unabated.

38. At the July 17, 2024 hearing, where Plaintiff sought to vacate alternate service and halt investigative discovery, Judge Moss refused to hear Plaintiff's

9

motion, removed Plaintiff's counsel, and demanded Plaintiff first file a petition to intervene.

39. While blocking Plaintiff, the court simultaneously entertained and enforced the father's counter-motions for discovery against Plaintiff and family members.

40. Judge Moss directed law enforcement against the Plaintiff.

41. During the July 17, 2024 hearing, Judge Moss stated that the criminal case "comes from the civil case" and that they are "one and the same." Judge Moss further called out Plaintiff for "aiding and abetting" and suggested that the FBI was "probably already going through [Plaintiff's] finances," and remarked that if the District Attorney's Office had not yet pursued charges, "now they can go after her."

42. Judge Moss's statements underscore that judicial authority was weaponized to target Plaintiff personally, despite her non-party status.

43. Judge Moss undertook these actions without making any findings of fact, without hearing testimony, and without conducting any evidentiary hearing.

44. Her orders were issued without due process, without notice, and without compliance with procedural safeguards, and she failed to provide any written opinion explaining the basis for her decisions.

45. Judge Moss instructed Plaintiff's attorney to remove himself from the criminal case if he did not want to continue receiving custody pleadings.

46. By issuing this directive, Judge Moss was attempting to force an outcome in the criminal proceedings on behalf of Seth Gershenson.

47. In parallel with these custody proceedings, a civil medical malpractice case was pending in which the mother sued on behalf of one of the children.

48. Defense counsel in the medical malpractice case monitored the custody docket and cited rulings and orders entered in Delaware County Court of Common Pleas and the Pennsylvania Superior Court.

49. Judge Moss ignored written directives from the President Judge of the Pennsylvania Superior Court requiring compliance with Pa.R.A.P. 1925(a)(2)(ii) that a Trial Court Opinion be submitted.

50. Pa.R.A.P. 1925(a)(2)(ii) mandates the trial judge to file an opinion explaining the reasons for the order and addressing the errors complained of, including lack of jurisdiction and procedural safeguards.

51. Judge Moss's conduct shocks the conscience and violates Plaintiff's substantive due process rights under the Fourteenth Amendment.

WHEREFORE, Plaintiff Yasmine Akl requests that this Court enter judgment in her favor and against Judge Atinuke B. Moss as well as declaring the child custody orders under docket number 2023-001250 void ab initio, enjoin Judge Atinuke B. Moss from using custody proceedings for investigative or enforcement purposes against non parties, schedule a Hearing on Plaintiff's Motion to Intervene in the Child Custody case forthwith, award compensatory damages, punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## COUNT III
## YASMINE AKL VS. GREGORY HURCHALLA
## (FIRST AND FOURTEENTH AMENDMENTS – 42 U.S.C. § 1983)

52. Plaintiff incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

53. Custody Master Hurchalla denied Plaintiff meaningful access to the courts by issuing orders without jurisdiction, acknowledging lack of service yet proceeding anyway, and setting in motion enforcement actions that foreclosed Plaintiff's ability to be heard while exposing her to coercive state power.

54. Family Court Master Gregory Hurchalla issued a temporary custody order on August 2023 after acknowledging on the record that there was no service on the mother. It is a fundamental rule of law that a judicial hearing can not proceed without valid service of process.

55. Despite lack of notice and opportunity to be heard, Master Hurchalla entered the order "to get people's attention," laying a void foundation for all that followed.

56. As a result of the August 11, 2025 Temporary Custody Order, police went to Plaintiff's home, and Pennsylvania State Police subsequently came to Plaintiff's house and questioned her neighbors about her.

57. These actions were taken without any lawful basis, compounding the misuse of judicial authority and exposing Plaintiff to coercive state power.

58. These actions were non judicial, taken in the clear absence of jurisdiction, and violated Plaintiff's rights under the First and Fourteenth Amendments.

WHEREFORE, Plaintiff Yasmine Akl requests that this Court enter judgment in her favor and against Custody Master Gregory Hurchalla as well as declaring the August 11, 2023 child custody orders under docket number 2023-001250 void ab initio, reward compensatory damages, punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

Respectfully submitted

*Douglas P. Earl*

Douglas P. Earl, Esquire
1015 Chestnut Street, Suite 902
Philadelphia, PA 19107
(215) 627-5970
dpearlattorney@aol.com
Attorney I.D. No. 54808
Attorney for Yasmine Akl

## VERIFICATION OF PLAINTIFF

I, Yasmine Akl, am the Plaintiff in the above-captioned civil action. I have read the foregoing Complaint and know the contents thereof. The facts and allegations set forth in the Complaint are true and correct to the best of my personal knowledge, information, and belief.

I understand that this Verification is made subject to the penalties of 28 U.S.C. § 1746.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/8/26

_____
YASMINE AKL