**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YASMINE A. AKL, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civ. No. 26-101** |
| | : | |
| DELAWARE COUNTY COURT | : | |
| OF COMMON PLEAS, *et al.*, | : | |
| **Defendants.** | : | |
| | : | |

**O R D E R**

Plaintiff Yasmine A. Akl, who is represented by counsel, brings this civil rights action against Defendants the Delaware County Common Pleas Court, Judge Atinuke B. Moss, and Custody Master Gregory Hurchalla.  (Doc. No. 1); 42 U.S.C. § 1983.  Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim.  (Doc. No. 8); Fed. R. Civ. P. 12(b)(1), (6).  Akl opposes Defendants' Motion, which I will grant.  (Doc. Nos. 8, 9, 10.)

I.    **BACKGROUND**

As alleged, Akl is the maternal grandmother of children subject to custody proceedings conducted by Judge Moss in Delaware County Common Pleas Court.  (Doc. No. 1 at 3; id. § IV ¶ 1); Gershenson v. Kraya, 2023-001250 (Del. Co. C.C.P.).  In July 2023, Judge Moss ordered alternative service of the custody complaint to Akl's Pennsylvania address (even though her grandchildren and their mother, Laura Kraya, resided outside of the United States, and Akl is not party to the custody dispute).  (Doc. No. 1 at 2; id. § IV ¶ 1–2, 17, 34.)  Judge Moss later acknowledged that her service order did not comply with the Pennsylvania Rules of Civil Procedure.  (Doc. No. 1 § IV ¶¶ 1, 7.)  In August 2023, Master Hurchalla "acknowledged on the record that there had been no service on the mother, yet nevertheless entered a temporary custody

1

order 'to get people's attention.'" (Id. ¶ 4.)  "As a result of [that order], police went to [Akl's] home, and Pennsylvania State Police subsequently came to [Akl's] house and questioned her neighbors about her."  (Id. ¶ 56.)

In October 2023, Judge Moss "signed an ex parte emergency order . . . granting sole custody [to Seth Gershenson] and directing 'any and all state and/or local law enforcement agencies' to enforce immediate transfer, without a hearing, witnesses, evidence," or any findings. (Id. ¶ 6.)  When Akl moved to intervene, Judge Moss ordered that Akl's Motion would not be considered until her grandchildren—who remained outside the United States—were living with Gershenson.  (Id. ¶¶ 10, 23.)  At the time the Instant Complaint was filed, Akl's motion had been pending for over one year without a hearing.  (Id. ¶¶ 13, 24.)

Throughout the proceedings, Judge Moss purportedly allowed "investigative discovery" against Akl.  (Id. ¶ 8.)  Although non-party Supervisory Judge Barry Dozor issued "an order denying discovery and depositions against [Akl]," that order was withdrawn without explanation. (Id. ¶¶ 26–27.)

Akl's allegations regarding related law enforcement actions are difficult to understand.  She alleges generally that Defendants "directed law enforcement" against her.  (Id. ¶¶ 22, 40.)  She also alludes to "criminal charges filed by Seth Gershenson" against Kraya.  (Id. ¶ 19.)   Finally, she alleges that at a July 2024 hearing, Judge Moss: stated that an unspecified "criminal case 'comes from the civil case' and that they are 'one and the same'"; "called out [Akl] for 'aiding and abetting' and suggested that the FBI was 'probably already going through [her] finances'"; "remarked that if the District Attorney's Office had not yet pursued charges, 'now that can go after her'"; and "instructed [Akl's] attorney to remove himself from the criminal case if he did not want to continue receiving custody pleadings."  (Id. ¶¶ 41, 45.)

In the Instant Complaint, Akl alleges that: (1) the Delaware County Common Pleas Court violated her procedural due process rights; (2) Judge Moss violated her substantive due process rights; and (3) Master Hurchalla violated her First and Fourteenth Amendment Rights. (Doc. No. 1 ¶¶ 31, 51, 58.) Akl seeks: (1) a declaration that the child custody orders under docket number 2023-001350 are *void ab initio*; (2) an injunction against Defendants "from using custody proceedings for investigative or enforcement purposes against non parties" and requiring them to "schedule a Hearing on [her] Motion to Intervene in the Child Custody case forthwith"; and (3) damages. (Id. at 8–9, 11, 12.) Defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that the Eleventh Amendment, judicial immunity, Rooker-Feldman, the Anti-Injunction Act, Younger abstention, and the statute of limitations bar Akl's claims for damages and injunctive relief. (Doc. No. 8 at 3–18.) Defendants also argue that Akl's claim for declaratory relief fails as a matter of law. (Id. at 18.) Akl opposes the Motion. (Doc. Nos. 9, 10.)

## II. LEGAL STANDARDS

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996). Without subject matter jurisdiction, the Court lacks the "very power to hear the case." Morten v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A 12(b)(1) motion challenging subject matter jurisdiction "may be either a facial or a factual attack." Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016); Fed. R. Civ. P 12(b)(1). When considering the facial attack Defendants raise here, I must accept the allegations of the Complaint as true. (Doc. No. 8-2 at 4); Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006).

Under Rule 12(b)(6), I must accept as true all facts alleged and then determine whether the Complaint sets out a "'plausible claim for relief.'" Fowler v. PMC Shadyside, 578 F.3d 203, 210–11 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "The plausibility standard is not akin to

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

## III.  DISCUSSION

### A.  Eleventh Amendment Immunity

Defendants argue that the Eleventh Amendment bars Akl's claims against the Delaware County Common Pleas Court.  (Doc. No. 8-2 at 5–6.)  I agree.

"The Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity." Humphrey v. Pennsylvania Ct. of Common Pleas of Philadelphia, 462 F. Supp. 3d 532, 535 (E.D. Pa. 2020) (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005)).  "[I]t is well established that Pennsylvania has not waived this immunity from suit in federal court and that Congress, in enacting 42 U.S.C. §§ 1983 and 1985, did not abrogate this immunity."  Conklin v. Anthou, 495 F. App'x 257, 263 (3d Cir. 2012).

Although Akl argues that she "seeks prospective relief to halt ongoing constitutional violations"—thus invoking the Ex parte Young exception to Eleventh Amendment immunity—that exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought."  (Doc. No. 10 at 5); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); see also Amoroso v. Bucks Cnty. Ct. of Common Pleas, No. 13-0689, 2014 WL 3767000, at *4 (E.D. Pa. July 31, 2014) ("Puerto Rico Aqueduct precludes application of the Ex parte Young exception to [Common Pleas Court]").  In any event, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes."  Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000).  Accordingly, I will dismiss Akl's claims against the Delaware County Common Pleas Court.

**B.**     **Judicial Immunity**

Defendants argue that Akl's claims against Judge Moss and Master Hurchalla are barred by judicial immunity.  (Doc. No. 8-2 at 7–11.)  Akl responds that such immunity does not attach because she has alleged that the Judicial Officer Defendants: (1) performed non-judicial conduct; and (2) lacked jurisdiction.  (Doc. No. 10 at 6–12.)  With respect to Akl's claims for damages, I agree with Defendants (I discuss the claims for equitable relief below).

"The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000); see also Prater v. City of Philadelphia Fam. Ct., 569 F. App'x 76, 79 (3d Cir. 2014) ("custody masters" immune from suit when "acting on a judicial matter in a capacity functionally equivalent to judges").  "[A] judge's immunity from civil liability 'is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11–12 (1991)).

The acts Akl challenges—issuing orders, compelling discovery, and threatening sanctions—are "'paradigm judicial act[s]' which 'do[] not become nonjudicial because [Akl believes] [they] [were] wrong.'" McMillan v. Sibert, No. 24-00399, 2024 WL 5694636, at *5 (M.D. Pa. Apr. 18, 2024) (quoting Figueroa, 208 F.3d at 443), report and recommendation adopted, No. 24-399, 2024 WL 5694659 (M.D. Pa. May 8, 2024).  That these orders purportedly were "issued . . . ex parte, without notice to [Akl] or an opportunity for [her] to be heard, does not mean that [Judge Moss or Master Hurchalla's] act[s] [were] not judicial." Gallas, 211 F.3d at 770.  Akl's allegations that Judge Moss "weaponized" her "judicial authority" "to target [her] personally," and

"was attempting to force an outcome in the criminal proceedings on behalf of Seth Gershenson," or that Master Hurchalla issued an order merely "'to get people's attention'" (Doc. No. 1 ¶¶ 4, 42, 46), "are irrelevant, as judicial immunity is not forfeited by allegations of 'malice or corruption of motive.'" Gallas, 211 F.3d at 772 (quoting Forrester v. White, 484 U.S. 219, 227 (1988)).

Nor were these acts "'taken in the complete absence of all jurisdiction.'" Figueroa, 208 F.3d at 440 (quoting Mireles 502 U.S. at 12). Regardless of whether the Delaware County Common Pleas Court lacked "personal jurisdiction . . . due to improper service, . . . this inquiry considers *subject matter jurisdiction*." McMillan, 2024 WL 5694636, at *5 (emphasis added) (citing Figueroa, 208 F.3d at 443–44), report and recommendation adopted, No. 24-399, 2024 WL 5694659 (M.D. Pa. May 8, 2024). The Delaware County Common Pleas Court undoubtedly had subject matter jurisdiction over the underlying custody dispute. See Pa. Const. art. V, § 5 (there shall be "one court of common pleas for each judicial district . . . having unlimited original jurisdiction in all cases except as may otherwise be provided by law"); McMillan, 2024 WL 5694636, at *5.

Accordingly, Judicial Defendants are immune from Akl's claims for damages.

## C. Injunctive Relief

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283.

Defendants argue that Akl is not entitled to injunctive relief because none of these exceptions apply. (Doc. No. 8 at 13–14.) Akl argues that her § 1983 action "may qualify for the Act's 'expressly authorized' exception." (Doc. No. 10 at 13 (citing Mitchum v. Foster, 407 U.S. 225 (1972).) Again, I agree with Defendants.

6

"As a § 1983 injunction targeting a state judge, [Akl's] claim is not 'expressly authorized by Act of Congress.'" Norton v. Adams, No. 25-1216, 2025 WL 4657704, at *5–6 (M.D. Pa. Sept. 23, 2025) (citing 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable")), report and recommendation adopted, No. 25-1216, 2026 WL 758444 (M.D. Pa. Mar. 17, 2026).

Akl's argument that her requests for injunctive relief should proceed in any event because the Anti-Injunction Act only "narrow[s]" the scope of injunctive relief available is incorrect. (Doc. No. 10 at 13.) To the extent that any of the injunctive relief Akl seeks does not qualify as a stay of state court proceedings (and thus, is not barred by the Anti-Injunction Act), it is nonetheless barred by the text of § 1983 itself. See 42 U.S.C. § 1983; Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) ("Because [the plaintiff] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by [the plaintiff] does not address the actions of [the judicial defendants] other than in [their] judicial capacity, his claim for injunctive relief is barred.").

### D.    Declaratory Relief

"Although declaratory relief against judicial officers may be *available*," Akl's claim for declaratory relief is not "legally cognizable." Vonderheide v. Berks Cnty., No. 12-23, 2012 WL 676979, at *1 n.1 (E.D. Pa. Mar. 1, 2012) (emphasis added). Her claim "is wholly unsupported by the law, which consistently forbids collateral actions for declaratory relief when the constitutionality of a judicial officer's prior rulings are at issue." Boguslavsky v. Conway, No. 12-2026, 2012 WL 5197966, at *3 (M.D. Pa. Oct. 19, 2012); see also Corliss v. O' Brien, 200 F. App'x 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct"). Moreover, this claim "fail[s] for the additional reason that 'the purposes of judicial

immunity would be ill-served if judges routinely were forced to defend against declaratory judgment actions . . . where their immunity obviously shields them from liability for money damages,' as well as injunctive relief." Vonderheide, 2012 WL 676979, at *1 n.1 (quoting Waris v. Frick, No. 06–5189, 2007 WL 954108, at *9 (E.D.Pa. Mar.28, 2007)).

## IV.    CONCLUSION

Akl's claims are barred by the Eleventh Amendment, judicial immunity, the Anti-Injunction Act, and § 1983, or are otherwise non-cognizable.  I will not address Defendants' additional arguments concerning Rooker-Feldman, Younger, or the statute of limitations.

*          *          *

**AND NOW**, this 17th day of April, 2026, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendants' Motion to Dismiss (Doc. No. 8), and Plaintiff's Response and Brief in Opposition (Doc. Nos. 9, 10), it is hereby **ORDERED** that the Motion (Doc. No. 8) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.

8